[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RECOMMENDATION OF TRIAL REFEREE
The Trial Referee made the following Findings of Fact:
1. In January, 1991, the defendant, acting by Bernard B. Goodman, its Executive Director, met with the Plaintiff, Restaurant Divan 2, to discuss holding a dinner on June 25, 1991 for attendees at a conference to be held in Copenhagen, Denmark. The primary purpose of the January, 1991 meeting was to discuss plans for the dinner, including a basic menu and a budget to cover expenditures.
2. On or about March 24, 1991, the defendant, acting by Bernard B. Goodman, met with the managing proprietor of the plaintiff. Kurt J. Vottrup, to arrange the details for the dinner party at the restaurant on June 25, 1991 for approximately sixty (60) people, including the hours for the dinner, and requested that the defendant indicate a choice of menu at least one week prior to arrival (Plaintiff Exhibit 1)
3. On June 20, 1991 representatives of the plaintiff and the defendant met, and the plaintiff confirmed in a letter of that date the approximate number of persons attending, the menu, and the total amount per person in Danish currency of DKK 738.00 and other details. (Plaintiff Exhibit 2)
4. When the defendant received plaintiff Exhibit 2, it discovered that the menu was not as anticipated and that the price as set forth in plaintiffs Exhibit 2 was in excess of its agreed upon figure of $75 (American Dollars) per person. The defendant called the plaintiff and noted that while the menu was adequate, it would not pay more than 75 American Dollars per person.
5. Notwithstanding the failure of the parties to arrive at a resolution of the price per person, and because the defendant was unable to make other arrangements for a replacement dinner in Copenhagen on such short notice, the dinner went forward on June 25, 1991.
6. When the dinner was concluded the defendant representative was presented with a hill for Danish currency of DKK 49,446. or American dollar of $7,385.15 for the 67 persons who attended.
7. The defendant's representative acknowledged receipt of the bill and affixed his signature to it and noted thereon "67 guests @ $75.00 only" (Defendant Exhibit A). Because the defendant was in CT Page 5296 a foreign country and anxious to leave the restaurant without any incident or embarrassment, it's representatives signed the bill as noted above.
8. On August 14, 1991, the defendant forwarded a check to the plaintiff in the amount of 33643.88 DKK, or U.S. dollars of $5,025.00, which was intended to be in full payment for the dinner held on June 25, 1991 on the basis of 67 guests at the rate of $75 per person. (Exhibit A)
9. The plaintiff accepted said payment without protest and only after accepting and depositing the payment, did the plaintiff under date of August 20, 1991 make demand for additional payment of $2,360.41 U.S. Currency.
10. Just prior to trial the plaintiff withdrew Count II of it's Complaint and its claim against Bernard B. Goodman, individually. The Trial Referee reached the following conclusion:
1. At all times material hereto there existed a good faith dispute about the extent of the per person price for the dinner involved.
2. When the parties met in the restaurant on June 20, 1991, the plaintiff expected to serve approximately 60 persons for the per person price of $110.23 per person.
3. The defendant notified the plaintiff that there was an agreement in January, 1991 that the price per person was not to exceed $75.00.
4. When the parties met on June 20, 1991 to confirm and review the dinner arrangements, the per person price remained unresolved.
5. Because of the circumstances of time and the inability to make other arrangements for the dinner, the dinner proceeded with 67 people in attendance.
6. The defendant signed the bill confirming the number of persons who attended and the cost per each person to be $75.00 only.
7. The defendant on or about August 14, 1991 sent a check in an amount of 33643.88 DKK in full payment of the cost of the CT Page 5297 dinner.
8. The plaintiff accepted the August 14, 1991 payment and in so doing accepted that payment as a settlement of its disputed claim. The Trial Referee recommends:
That Judgment issue in favor of the Defendant, without cost.
Melvin Scott Attorney Trial Referee